UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM PLASS,

          Plaintiff,    9:19-CV-0553
                 (BKS/TWD)
 v.

THE STATE OF NEW YORK, et. al.,

          Defendants.
_____

APPEARANCES:

WILLIAM PLASS
Plaintiff, pro se
150 Clinton Street
Albany, NY 12207

BRENDA K. SANNES
United States District Judge

## DECISION and ORDER

## I. INTRODUCTION

Pro se plaintiff William Plass ("Plaintiff") commenced this action by filing a civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"). Dkt. No. 1 ("Compl."). Presently before the Court is Plaintiff's Amended Complaint. Dkt. No. 9 ("Am. Compl.").

In his original complaint, Plaintiff asserted claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Clinton Correctional Facility ("Clinton C.F."). *See generally*, Compl. Construing the Complaint liberally, Plaintiff alleged Eighth Amendment failure to protect claims and negligence claims against the State of New York, Correction Officer B. Darrah ("Darrah"), and Sergeant LeClair ("LeClair"). *See id*.

In a Decision and Order filed on May 30, 2019 (the "May Order"), following review of the Complaint pursuant to 28 U.S.C. § 1915A(b), the Court dismissed the claims, without prejudice. *See* Dkt. No. 6. In light of his pro se status, Plaintiff was afforded an opportunity to submit an amended pleading. *See id*. at 11.

**II.     SUMMARY OF AMENDED COMPLAINT**[1]

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the May Order and will not be restated here. *See* Dkt. No. 6 at 2-4. Taking into account Plaintiff's pro se status, the Court construes the allegations in the Amended Complaint with the utmost leniency. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

On April 16, 2018, at approximately 5:00 p.m., in the Lower F, Four Company "Rec" Yard, an unidentified assailant attempted to "cut" Plaintiff with "some type of shank." Am. Compl. at 1, 3. Darrah and LeClair were present and witnessed the attempted assault. *Id*. at 1. Darrah and LeClair did not "follow protocol" and failed to place Plaintiff in Protective Custody ("PC") or Involuntary Protective Custody ("IPC"). *Id.* Rather, Darrah and LeClair directed Plaintiff to return to his cell. *Id*.

When Plaintiff arrived at the Gallery, he was attacked by an inmate with a sharp

---

[1] Plaintiff annexed exhibits to the Amended Complaint. Dkt. No. 9-1. To the extent that the exhibits are relevant to the incidents described in the Amended Complaint, the Court will consider the Amended Complaint as well as any documents attached as exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir. 1991) (reasoning that the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference).

object. Am. Compl. at 1. As a result of the attack, Plaintiff sustained a laceration extending from his right ear to the right side of his mouth. *Id*. Darrah was in the Gallery at the time of the attack, but was engaged in conversation with his back towards Plaintiff. *Id*. As a result, Darrah's body camera did not record the assault. *Id*.

Darrah photographed Plaintiff's injuries and LeClair prepared an Inmate Injury Report. Dkt. No. 9-1 at 1-3, 4. In the report, LeClair noted that Plaintiff sustained a laceration from another inmate. *Id.* at 4. As a result of the attack, Plaintiff suffered permanent hearing loss, post traumatic stress disorder, numbness, and nerve damage to the right side of his face. Am. Compl. at 2, 3. Plaintiff was transported to the hospital and underwent surgery to repair his right cheek laceration. Dkt. No 9-1 at 7-17.

Construing the Amended Complaint liberally, Plaintiff claims that the State of New York, Darrah, and LeClair failed to protect him from assaults. *See* Am. Compl., *generally*. Plaintiff seeks monetary damages. *See id.* at 3.

### III. ANALYSIS

#### A. Eleventh Amendment

The law related to Eleventh Amendment was discussed in the May Order and will not be restated herein. *See* Dkt. No. 6 at 6. To the extent that Plaintiff attempts to reassert section 1983 claims for monetary damages against the State of New York in the Amended Complaint, those claims are dismissed for the reasons set forth in the May Order.

#### B. Eighth Amendment

The law related to Eighth Amendment claims was discussed in the May Order and will not be restated herein. *See* Dkt. No. 6 at 6-7. In the May Order, the Court dismissed

3

Plaintiff's Eighth Amendment claims reasoning:

> The Complaint lacks any facts establishing that Plaintiff was threatened or involved in prior altercations with the unidentified assailant or that either of the individual defendants knew of a particular risk to the Plaintiff's safety. Nor are there any facts indicating that the defendants knew of a history of attacks "similar enough to the attack he suffered that remedial actions would have prevented that attack." *Paris v. New York State Dep't of Corrs. Servs.*, 947 F.Supp.2d 354, 363 (S.D.N.Y. 2013). Therefore, Plaintiff has failed to plead that Defendants were deliberately indifferent for failing to protect Plaintiff. *Id*. (dismissing inmate's Eighth Amendment claim based on a surprise attack). Moreover, although Plaintiff claims that Darrah was "on the company," the Complaint is void of facts suggesting that Darrah or LeClair witnessed the alleged assault, that they were present during the alleged assault, or that they were in the vicinity of the alleged assault when it occurred. Because Plaintiff has not plead that Darrah or LeClair had the opportunity to intervene and prevent the attack, he has not plausibly alleged an Eighth Amendment claim under a failure to intervene theory.

Dkt. No. 6 at 8.

In the Amended Complaint, Plaintiff attempts to cure the deficiencies in his claim by alleging that, during a melee in the yard, "an unidentified inmate" attempted to "cut" him and that Defendants witnessed the attempted assault. *See* Am. Compl. at 1. Despite the fact that Plaintiff was afforded an opportunity to amend his pleading, the Amended Complaint lacks facts suggesting that Plaintiff was threatened or involved in prior altercations with the unidentified assailant. The Amended Complaint does not contain facts suggesting that Defendants knew of a particular risk to Plaintiff's safety.

With respect to the subsequent attack in the Gallery by "an inmate," Plaintiff has failed to allege a failure to intervene claim because there are no facts suggesting that either defendant had an opportunity to intervene when Plaintiff was attacked. To wit, Plaintiff

4

claims that Darrah was at the front of the company, in a conversation at the time of the assault.

Nor has Plaintiff plausibly alleged a failure to protect claim. Even assuming, as Plaintiff alleges, that the officers saw an unidentified inmate attempt to cut Plaintiff, before the attack in the Gallery, that is insufficient to plausibly allege that the officers knew of an excessive risk to his health or safety. *See Henry v. County of Nassau*, No. 13-CV-7427, 2015 WL 2337393 at *5-6 (E.D.N.Y. May 13, 2015). Plaintiff has not identified either assailant and has not plead facts suggesting that he was threatened or involved in prior altercations with either assailant. Moreover, Plaintiff has failed to plausibly allege that by ordering the inmates to line up to go inside, that Defendants "deliberately disregarded [any such] risk by failing to take reasonable measures to abate it." *Id*.

Plaintiff summarily states that Darrah and LeClair failed to "follow protocol" and place him in "IPC or PC". *See* Compl. at 1. Allegations that an inmate requested to be placed in protective custody coupled with claims that the defendant knew of a history of inmate-on-inmate attacks, but nonetheless housed him in the general population, are sufficient to state a plausible Eighth Amendment claim. *See Henry*, 2015 WL 2337393, at *6 (allowing the plaintiff to proceed with Eighth Amendment allegations that the defendants knew of a history of inmate-on-inmate attacks; that the plaintiff was affiliated with a gang and charged with the murder of a high-ranking gang member; and that the plaintiff had requested to be placed in protective custody). In this case however, Plaintiff has not identified the "unidentified inmate" who attempted to cut him or the assailant who attacked him in the Gallery, and did not allege facts suggesting that Defendants were on notice of threats or possible attacks and failed to act upon that knowledge. Plaintiff has not plead that he

5

requested, and was denied, protective custody from Defendants or any other official at Clinton C.F. Plaintiff has failed to plausibly allege that Defendants were deliberately indifferent to his safety. *See Gssime v. Cadian*, No. 9:06-CV-1499 (LES), 2009 WL 1161040, at *4 (N.D.N.Y. Apr. 28, 2009) (dismissing Eighth Amendment claims based upon general allegations that dangerous inmates controlled the facility and lack of evidence of inmate attacks, threats to the plaintiff's safety, or evidence that the plaintiff requested to be placed in protective custody).

For the reasons set forth herein and in the May Order, Plaintiff's Eighth Amendment claims against Darrah and LeClair are dismissed. Because the Court has dismissed Plaintiff's federal claims, for the reasons set forth in the May Order, the Court declines to exercise jurisdiction over the state law claims.

## IV. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that the Amended Complaint (Dkt. No. 9), and all exhibits annexed (Dkt. No. 9-1) thereto is accepted for filing and is deemed the operative pleading; and it is further

**ORDERED** that Plaintiff's Eighth Amendment claims are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted. The Clerk is directed to close this case; and it is further

**ORDERED**, in accordance with *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009), the Clerk of the Court is directed to provide Plaintiff with copies of opinions from Westlaw and the Federal Appendix cited in this Decision and Order; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on Plaintiff.

Dated: August 6, 2019

Brenda K. Sannes
U.S. District Judge